## CIVIL MINUTES - GENERAL

| Case No. | 2:18-cv-10728-R (SK) | Date | January 7, 2019 |
|---|---|---|---|
| Title | Byron Leroy Scott v. R. Neuschmid | | |

Present: The Honorable  Steve Kim, U.S. Magistrate Judge

| Connie Chung | n/a |
|---|---|
| Deputy Clerk | Court Smart / Recorder |

| Attorneys Present for Petitioner: | Attorneys Present for Respondent: |
|---|---|
| None present | None present |

**Proceedings:**     (IN CHAMBERS) **ORDER TO SHOW CAUSE**

In December 2018, Petitioner filed a petition under 28 U.S.C. § 2254, challenging his 1996 life sentence, the constitutionality of California Penal Code § 3951, and his possible mandatory sex offender registration. (Pet., ECF 1 at 5-6). In 1997, Petitioner was sentenced to two terms of life without parole as a juvenile offender. (*Id.* at 2). This is Petitioner's seventh apparent federal habeas petition attacking that sentence. (*See* CACD Case Nos. 5:04-cv-01274, 5:09-cv-02163, 5:10-cv-00492, 5:11-cv-0217, 5:14-cv-02648, 5:16-cv-00483). In fact, Petitioner has a pending appeal in the Ninth Circuit from this Court's denial of his last habeas petition, which also challenged his life sentence. (CA9 Appeal No. 18-55432). As was the case with most of his other petitions, it "plainly appears" from the current petition that Petitioner "is not entitled to relief in the district court." Rule 4 of Rules Governing Section 2254 Cases; *see also* L.R. 72-3.2 (Summary Dismissal of Habeas Corpus Petition).

First, the Petition is impermissibly second or successive. When a petition under § 2254 has been denied on the merits, any later petition attacking the same conviction is considered second or successive. *See McNabb v. Yates*, 576 F.3d 1028, 1029 (9th Cir. 2009). Before filing a second or successive petition in federal district court, Petitioner must first obtain authorization from the appropriate U.S. Court of Appeals. *See* 28 U.S.C. § 2244(b)(3)(A). Petitioner presents no evidence—and the Court has found none—that he has obtained this authorization from the Ninth Circuit. Thus, this Court cannot entertain the successive petition.

Second, even if Petitioner had obtained that authorization, the Court would still lack jurisdiction under § 2254. A state prisoner is not entitled to relief under § 2254 unless he is held "in custody in violation of the Constitution or laws or treaties of the United States." *Engle v. Isaac*, 456 U.S. 107, 119 (1982). But Plaintiff's claim that he is entitled to resentencing under California Senate Bill No. 394 arises under state, not federal, law. (Pet. at 5-6). *See Williams v. Valenzuela*, 2018 WL 2059644, at *2 (C.D. Cal. Mar. 23, 2018) ("Matters relating to state sentencing law generally are not cognizable on federal habeas review."); *Jones v. Super. Ct. of L.A.*, 2016 WL 7638205, at *2 (C.D. Cal. Nov. 17, 2016) (claim that petitioner has a right to resentencing "is not cognizable . . . because it pertains solely to the state court's interpretation of state sentencing law"). His claim that Penal Code § 3051 violates procedural

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:18-cv-10728-R (SK) | Date | January 7, 2019 |
|---|---|---|---|
| Title | Byron Leroy Scott v. R. Neuschmid | | |

due process and equal protection does nothing to remedy this deficiency. (Pet. at 5). Section 3051 provides that the Board of Parole Hearings must provide a youth offender sentenced to life imprisonment a "meaningful opportunity" to obtain release. At root, Petitioner is challenging the unfavorable outcome he received under his § 3051 proceeding. That remains a state law claim not cognizable in federal habeas corpus. Merely invoking the constitutional provisions of due process and equal protection does not transform that state law claim into a cognizable federal claim. *See Ray v. Netherland*, 518 U.S. 152, 163 (1996); *Poland v. Stewart*, 169 F.3d 573, 584 (9th Cir. 1999). And even if it were construed as a federal claim, it does not sound in habeas corpus because the best outcome is a parole hearing with the *possibility*, but no guarantee, of parole. *See Thomas v. Arnold*, 2018 WL 279975, at *3 (S.D. Cal. Jan. 3, 2018) ("[C]laim which, if successful, will not necessarily lead to immediate or speedier release from custody falls outside the 'core of habeas corpus.'" (citation omitted)). Finally, the Court has no jurisdiction over Petitioner's premature challenge to his possible registration as a sex offender after parole because such a requirement does not satisfy the "in custody" requirement of § 2254. *See Henry v. Lungren*, 164 F.3d 1240, 1242 (9th Cir. 1999) ("[T]he registration requirement is merely a collateral consequence of conviction.").

Lastly, even if Petitioner could overcome these jurisdictional obstacles, the Petition would remain facially untimely by 20 years. Petitioner's direct appeal was denied in November 1997 (Cal. Ct. App. Case No. E018728), and his conviction became final 90 days later in February 1998. From that date, Petitioner had one year—by no later than February 1999—to file a timely federal petition. *See* 28 U.S.C. § 2244(d)(1)(A). No statutory tolling appears available because Petitioner did not file his first state petition for collateral review until 2004. (Cal. Ct. App. Case No. E036159). *See Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003) (state petition filed after expiration of federal statute of limitations does not restart new one-year limitations period). Nor does there appear any basis for equitable tolling or the delayed commencement of the limitations period under § 2254(d)(1). Finally, none of Petitioner's federal petitions could have tolled the statute of limitations. *See Duncan v. Walker*, 53 U.S. 167, 181-82 (2001).

THEREFORE, Petitioner is ORDERED TO SHOW CAUSE on or before February 7, 2019 why the Court should not dismiss this action for lack of jurisdiction and, in any event, untimeliness. **If Petitioner no longer wishes to pursue this action, he may voluntarily dismiss the action under Federal Rule of Civil Procedure 41(a) by filing a "Notice of Voluntary Dismissal."** The Clerk is directed to provide Petitioner with a Notice of Voluntary Dismissal Form CV009. **If Petitioner does not file a notice of voluntary dismissal or timely response to this Order to Show Cause, the Court may also recommend involuntary dismissal of the Petition for failure to prosecute and/or obey court orders.** See Fed. R. Civ. P 41(b); L.R. 41-1.